# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| KIMBERLY SIERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. |
| COMFORT CARE TRANSPORT SERVICES, INC. and LINDA KENNEY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Plaintiff is a resident of Dalton, Georgia.

3. Defendant Comfort Care Transport Services, Inc. (Comfort Care) is a corporation formed under the laws of Georgia. Its principal office is located at 412 Stonewall Street, Cartersville, GA, 30120. Its registered agent for service of process is Linda Kenney, 32 Lake Top Drive SE, Cartersville, GA, 30121.

4. Defendant Comfort Care provides transportation services to customers in the North Georgia and Chattanooga, Tennessee areas, including transport of customers to medical facilities. Defendant's customers include patients receiving medical care who are Medicaid recipients. Defendant employs drivers who transport customers in vehicles owned and/or leased by Defendant.

5. Defendant Linda Kenney is the chief executive officer and majority shareholder of Comfort Care, and has operational control of the company. Defendant was the chief executive officer and majority shareholder of Comfort Care's predecessor corporation, Best Care Transport Services, LLC (Best Care), and had operational control of the company.

6. On December 4, 2012, Defendant Comfort Care was incorporated. At approximately the same time, the operations of Best Care were transferred to Defendant Comfort Care.

7. Plaintiff was employed by Defendant Comfort Care from approximately December of 2012 through May of 2014. While Plaintiff was employed by Defendant Comfort Care, she worked as a driver and transported passengers to and from medical doctors' offices and other medical facilities in vans provided by Defendant. Plaintiff transported these passengers in the North Georgia and Chattanooga areas. Plaintiff was employed under the name

"Kimberly A. Boudrie."

8. While Plaintiff was employed by Defendant Comfort Care, she routinely worked overtime hours of more than 40 per workweek for which she was not paid overtime compensation of one and one-half times her regular rate of pay.

9. Specifically, Defendant paid Plaintiff a "trip rate" based on the mileage that she drove, and did not pay Plaintiff for all hours worked over 40 each week at a rate of one and one-half times her regular rate of pay.

10. While Plaintiff was employed by Defendant Comfort Care, she also routinely worked overtime hours "off the clock" for which she was not compensated at a rate of one and one-half times her regular rate. More specifically, Defendant required Plaintiff to inspect the van she drove before her shift started, to clean and wash the van after regular work hours, and to get repair work done on the van while off the clock. In addition, Plaintiff routinely picked up and delivered Defendant's paperwork, such as driver manifests, while off the clock. Defendant was aware that Plaintiff was performing this work off the clock.

11. Defendant Comfort Care transports passengers across state lines. Accordingly, at all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which

exceeded $500,000.00.

12. While Plaintiff worked for Defendant Comfort Care, each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

13. While Plaintiff worked for Defendant Comfort Care, Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

15. While Plaintiff was employed by Defendants, she was entitled to overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

16. Defendants' failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

17. Defendants' violation of Section 207 of the FLSA was willful. More specifically, on October 6, 2011, a lawsuit for violations of the FLSA was filed by driver employees against Defendant's predecessor corporation, Best Care Transport Services, LLC. Defendants Comfort Care and Kenney were added as

defendants in that lawsuit on July 9, 2013. Accordingly, Defendants were well aware of their obligation to pay Plaintiff overtime pursuant to the FLSA, or recklessly disregarded their legal obligations.

18. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

20. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

WHEREFORE, Plaintiff prays for a judgment for damages against Defendants that includes the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to her overtime back pay;

(c) Reasonable attorney's fees;

(d) The costs and expenses of this action; and

(e) All further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., GA Bar #387630
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com


/s/ John McCown
John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street
Suite 108
Dalton, GA 30720
(706)-529-4878
(706) 529-3890 (facsimile)
johnmccown@gmail.com

Attorneys for Plaintiff